UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ERA L. CARTER,

       Plaintiff

v.                                      Civil No. 4:13cv112

UNITED STATES OF AMERICA,

       Defendant.

<u>MEMORANDUM ORDER</u>

    This matter is before the Court on Era L. Carter's ("Plaintiff") Opposition to Defendant's Bill of Costs. Plaintiff requests that the Court exercise its discretion under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 and deny Defendant's Bill of Costs. For the reasons set forth below, Plaintiff's Opposition to Defendant's Bill of Costs, ECF No. 63, is **OVERRULED**.

    Plaintiff's husband ("Decedent") suffered fatal injuries when he rear-ended a car operated by a United States government contractor who had completely stopped on an illuminated interstate highway in a 60 m.p.h. through lane during early-morning darkness. The contractor had stopped his car to ask construction workers if he could pass through a blocked off exit ramp. Approximately twenty-five seconds after the contractor stopped his car, Decedent collided with the back of the contractor's vehicle. Though both were relatively close

questions, this Court ultimately found at the conclusion of a bench trial that Decedent's negligence contributed to the crash and that, while Defendant's contractor was "grossly negligent," Plaintiff failed to demonstrate that the contractor's negligence rose to the level of "willful and wanton" negligence.

Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Permissible costs are set forth in 28 U.S.C. § 1920, and such statute, along with Rule 54, creates a presumption that listed costs "are to be awarded to the prevailing party" in a civil case. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). If a request for costs is challenged, the party opposing costs must "show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)). Additionally, the party opposing costs must meet the prerequisite of good faith. Teague, 35 F.3d at 996.

Addressing the standard for awarding or denying costs, the United States Court of Appeals for the Fourth Circuit has held that district courts have discretion to deny costs to the prevailing party for "good reason", specifically, "when there

would be an element of injustice [or inequity] in a presumptive cost award." <u>Cherry</u>, 186 F.3d at 446. Factors that may warrant the denial of costs include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." <u>Ellis</u>, 434 F. App'x at 235; see <u>Teague</u>, 35 F.3d at 996-97 (holding that the district court did not abuse its discretion in finding that the plaintiffs rebutted the presumption of awarding costs due to the plaintiffs' good faith, the closeness of the outcome, the modest means of the unsuccessful party, and the equities considered in its analysis).

Here, based on this Court's consideration of the relevant factors, Plaintiff fails to overcome the presumption that costs should be taxed in favor of Defendant. Though Plaintiff meets the prerequisite of good faith, and has shown that the case was closely contested, she did not point to any misconduct by the prevailing party, did not show that the costs are excessive, and did not show that she is unable to pay the costs.

The cost award of $2,713.60 requested by Defendant appears reasonable on its face, particularly in light of the fact that the case proceeded to trial on the merits. Plaintiff has thus failed to demonstrate that the requested costs are excessive in

3

nature. Moreover, Plaintiff fails to challenge any of the costs as falling outside the listed costs taxable under § 1920.

Although the requested costs are low from an absolute standpoint, the Court recognizes that, for some individuals, taxation of such dollar figure could still create an undue burden. Here, Plaintiff does assert that she and Decedent filed for bankruptcy two years before his death, that the family's savings are meager, that she is now responsible for unpaid debts, that she could not afford the home she shared with Decedent and now lives in a rented condominium with her brother and son, and that a majority of her Social Security benefits go toward her daily subsistence. However, Plaintiff appears to acknowledge that her brother now pays a share of household expenses that once fell entirely on Plaintiff and Decedent, and the record demonstrates that Plaintiff received a $1,000 increase in her monthly Social Security benefits after Decedent's death.

Synthesizing this information, although Plaintiff has presented generalized information indicating that she is of modest means, Plaintiff has failed to advance evidence demonstrating that, based on her current income and expenses, she is unable to pay the $2,713.60 in costs. Notably, exempting persons of modest means from paying court costs would create a "perplexing exception to Rule 54(d)," given that "the *in forma*

4

*pauperis* plaintiff [] remains liable for paying the prevailing adversary's costs" under 28 U.S.C. § 1915. Cherry, 186 F.3d at 447. In this Court's view, equity does not favor denying the prevailing party a modest cost award based on the opposing party's generalized assertion of financial hardship absent a showing that such party is actually unable to pay the requested costs. See id. at 445, 447 (holding that a denial of the $3,556 in costs to the prevailing party would be inequitable because the unsuccessful party had sufficient money to pay for her personal needs and discretionary items, and thus was able to pay the costs).

For the reasons discussed above, Plaintiff's Opposition to Defendant's Bill of Costs is **OVERRULED**, and Defendant's costs are to be taxed against Plaintiff in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.[1]

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 6, 2015

---

[1] The Court leaves it to the parties to make their own payment arrangements and for Defendant to file a Satisfaction of Costs once they have been completely paid.